

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DELGADO, | ) |
| | ) 10 C 3012 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VILLAGE OF BURNHAM, ET AL. | ) Hon. Charles R. Norgle |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Village's Motion to Dismiss Delgado's claims for injunctive relief, contained in his Complaint for Injunctive Relief (No. 10-CV-3012) ("State Complaint") and in Count VIII of his Complaint at Law (No. 10 CV 1567) ("Federal Complaint"). For the following reasons, The Village's Motion is granted.

## I. INTRODUCTION

Plaintiff Joseph Delgado ("Delgado") sues Defendant Village of Burnham (the "Village") along with Mayor Robert Polk ("Mayor Polk"), Chief of Police Peter Belos ("Chief Belos"), former Special Police Officer Thomas Gunther ("Gunther"), and police sergeants Jack Daley ("Daley"), Stanley Pagorek ("Pagorek"), Robert Matuga ("Matuga"), and Jorge Soto ("Soto"). Under 42 U.S.C. § 1983, Delgado brings search and seizure, due process, and equal protection claims. He also brings a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), along with various state law claims, including malicious prosecution and negligent hiring. All claims arise out of an ongoing dispute over building code tickets against his dwelling, located at 301 East 138th Place, Burnham, Illinois, 60633.

## A. Facts

Delgado alleges the following facts in his Complaints. Five years ago, in the middle of 2006, Mayor Polk entered Delgado's home and told him that Gunther would soon be issuing him tickets for violations of the Village building code. In September, October, November, and December of 2006, Gunther entered Delgado's home – armed with a gun but without "permission" or a warrant – and issued tickets pursuant to the building code. Gunther, when he issued citations to Delgado, was "improperly serving as a Burnham police officer in violation of Illinois law." Federal Compl. ¶ 19. Gunther's citations were "unlawful [because] Gunther has no legal right or standing to issue them and he had no expert knowledge of building code compliance." Id. ¶ 20. Gunther was eventually confronted by the Cook County Sheriff's Office and "investigated concerning his service as a police officer." Id. ¶ 19. Gunther's employment with the Village was "thereafter terminated." Id.

In November 2006, Chief Belos summoned Delgado to the Village Hall and "yelled" to him that "[w]e want you to move out of your home. Just move out." Id. ¶ 23. From 2006 until the filing of this case, the Village has been prosecuting Delgado's tickets before Judge Camille Willis in the Markham Courthouse, Circuit Court of Cook County (the "Markham Proceeding"). As a result of the ongoing Markham Proceeding, Village employees have entered Delgado's property without his permission in order to make building inspections. One such inspection occurred on or about July 12, 2008, when Sergeants Daley, Pagorek, and Soto entered and searched Delgado's property, according to Delgado.

2

## B. Procedural History

Delgado filed the Federal Complaint on March 10, 2010, seeking damages under 42 U.S.C. § 1983, Monell, 436 U.S. 658, and various state laws. The Federal Complaint also seeks an order enjoining the Village from prosecuting his building code tickets, evicting him, inspecting or condemning his property, or issuing new building code violations against him. On May 5, 2010, Delgado filed the State Complaint in the Circuit Court of Cook County, Chancery Division. The State Complaint seeks to invalidate all building code tickets issued by Gunther to Delgado, as well as to vacate all orders of inspection against Delgado's property arising from tickets issued by Gunther. Suggestive of why Delgado did not raise these claims in the Markham Proceeding, his State Complaint states that "[s]ince Judge Willis presides over a court of law and not of equity, the Plaintiff has filed the present action in Chancery seeking equitable relief." State Compl. ¶ 22. On May 17, 2010, the Village removed Delgado's state action to federal court. Both cases are before this Court. The Village now moves to dismiss Delgado's injunctive claims because, among other things, they do not state a claim for injunctive relief.

## II. DISCUSSION

### A. Standard of Decision

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put differently, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Even after

Twombly, courts must still approach motions under Rule 12(b)(6) by construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009) (quotations omitted).

**B. Rooker-Feldman Doctrine**

As an initial matter, with respect to Delgado's request that this Court vacate orders from the Markham Proceeding, such requests are barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine provides that lower federal courts are precluded from exercising jurisdiction over claims that would require them to review state court judgments. Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir. 2001); see also Skinner v. Switzer, 131 S.Ct. 1289, 1297 (2011) (holding that Rooker-Feldman applies to "cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments"). In applying Rooker-Feldman, "'the pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether [he] is, in fact, presenting an independent claim.'" Rizzo, 266 F.2d at 713 (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999)). By asking this Court to vacate all orders of inspection issued by Judge Willis, Delgado seeks to "set aside a state court judgment." Under Rooker-Feldman, this Court is precluded from exercising jurisdiction over such a claim. Additionally, any state judgments finding liability against Delgado on ordinance violations are not subject to review by the federal court. The record is silent regarding whether Delgado ever

appealed any adverse judgment in the state court. As for the remainder of Delgado's requests, the Court now turns to the requirements for injunctive relief.

**C. Injunctive Relief**

"As the Supreme Court has observed, '[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion.'" Goodman v. Ill. Dep't of Fin. & Prof'l Regulation, 430 F.3d 432, 437 (7th Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)) (emphasis in original). An injunction is "never more extraordinary than when, if granted, it would prevent government officials from proceeding under a statute founded on important state interests against a violator of the statute." W.C.M. Window Co., Inc. v. Bernardi, 730 F.2d 486, 490 (7th Cir. 1984); see also Chavez v. Ill. State Police, No. 94 CV 5307, 1996 WL 66136, at *6 (N.D. Ill. Feb. 13, 1996) ("Injunctive relief which seeks to enjoin police conduct is considered an extraordinary remedy.").

To determine whether injunctive relief is warranted, "a district court engages in an analysis that proceeds in two distinct phases: a threshold phase and a balancing phase." Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc., 549 F.3d 1079, 1085-86 (7th Cir. 2009). The moving party must satisfy three requirements to survive the threshold phase. Id. at 1086. First, it must show that traditional legal remedies would be inadequate. Id. Second, it must show that, absent a preliminary injunction, it will suffer immediate irreparable harm. Id. Finally, it must show that its claim has some likelihood of success on the merits. Id. "If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction."

Id.; see also E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 703 (7th. Cir 2005); Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984) ("The absence of an adequate remedy at law is a precondition to any form of equitable relief."). Because Delgado fails to satisfy any, let alone all, of these threshold requirements, the Court need not address the balancing phase of the analysis.

*1. Adequate Remedy at Law*

The Village correctly argues that Delgado's claim for injunctive relief fails because he has an adequate remedy at law in the ongoing Markham Proceeding before Judge Willis. The Seventh Circuit has held that "an injunction will not be issued when the plaintiff has an adequate remedy at law, which he does if he can assert the ground on which he seeks an injunction as a defense to the very proceeding that the injunction would put a stop to." Bernardi, 730 F.2d at 490. By seeking to enjoin the Village from prosecuting his pending tickets, evicting him, and inspecting or condemning his residence, Delgado is asking this Court to "put a stop to" the Markham Proceeding. The Court declines to grant such extraordinary relief. There is nothing stopping Delgado from asserting his grounds for injunctive relief in the Markham Proceeding. Contrary to Delgado's contention, Judge Willis has jurisdiction over both his legal and equitable claims. See, e.g., Fulton-Carroll Ctr., Inc. v. Indus. Council of Nw. Chi., Inc., 628 N.E.2d 1121, 1123 (Ill. App. Ct. 1993) (Illinois abolished distinction between courts of law and equity in 1970).

## 2. No Irreparable Harm

In addition, Delgado fails to show that substantial and immediate irreparable injury will occur if injunctive relief is not granted. "To have an irreparable injury, plaintiff must show evidence of 'a threat to federally protected rights that cannot be remedied in the state prosecution.'" Torres v. Frias, 68 F. Supp. 2d 935, 942 (N.D. Ill. 1999) (quoting Arkebauer v. Kiley, 985 F.2d 1351, 1355 (7th Cir. 1993). For the reasons stated above, Delgado's federally protected rights can be remedied in the Markham Proceeding.

Moreover, because Delgado seeks to enjoin police conduct, it is "incumbent on [him] to articulate [irreparable injury] specifically to the court." Chavez, 1996 WL 66136, at *6. In his Response to the Village's Motion to Dismiss, Delgado states only that he will suffer irreparable harm because the Village's "illegal search and inspection . . . cannot be undone." This does not amount to a specific articulation of irreparable harm. Delgado has not pled facts sufficient to lead the Court to conclude that a real and immediate potential for injury is present if injunctive relief is not granted.

## 3. Likelihood of Success on the Merits

To determine whether a plaintiff has a reasonable likelihood of success on the merits, the court must assess whether the plaintiff has "a greater than negligible chance of winning." AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002). The Village states, albeit without citing any factual or legal support, that Delgado's Complaints do not contain sufficient allegations to establish that he has a reasonable likelihood of prevailing on the merits. The Village is correct.

7

Delgado's constitutional claims against the Village, brought pursuant to § 1983 and Monell, are barred by the statute of limitations because they are predicated on events and actions that occurred more then two years prior to the filing of this lawsuit. To determine the proper statute of limitation in a § 1983 case, "a federal court must adopt the forum state's statute of limitations for personal injury claims." Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, § 1983 actions must be filed within two years from the date "when the plaintiff knows or should know that his or her constitutional rights have been violated." Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004); Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993); see also Diaz v. Shallbetter, 984 F.2d 850, 855 (7th Cir. 1993) ("[E]very constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted."). "This inquiry proceeds in two steps. First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That date should coincide with the date the plaintiff 'knows or should know' that her rights were violated." Hileman, 367 F.3d at 696 (citations omitted).

Delgado's Monell claim is based on his allegation that the Village maintained a custom, practice, and policy of: a) hiring and retaining Gunther despite his bad character and prior arrests; b) hiring and retaining the individual defendants despite their bad acts against Delgado and others; c) directing and allowing Gunther to hold police power, wear a police uniform, carry a police badge, and carry a weapon; d) directing and allowing Gunther to issue unlawful citations and reports; and e) directing and allowing Gunther to arrest people. Federal Compl. ¶ 63. Delgado does not allege that he was arrested. Delgado does not claim that Gunther pulled a gun on him. Delgado does allege that all of

Gunther's tickets were issued in 2006. Further, while his Complaints do not provide the date of Gunther's termination, Delgado attaches a newspaper article to his Response to individual Defendant Matuga's motion to dismiss, No. 1:10-cv-1567 [43], revealing that Gunther was terminated on or around May 2007. If Delgado was not aware that his rights may have been violated when the tickets were issued in 2006, he reasonably should have known by the time Gunther was terminated in 2007. Delgado filed his Federal Complaint on March 10, 2010 and his State Complaint on May 5, 2010, both more than two years after he knew or should have known of the underlying injuries that give rise to his <u>Monell</u> claim. Faced with both statute of limitations and <u>Rooker-Feldman</u> problems, Delgado does not have a "greater than negligible chance" of winning against the Village.

Delgado's claim of violation of equal protection of law is completely underdeveloped in his Federal Complaint and motion.

In sum, Delgado's claims for injunctive relief fail to meet any, let alone all, of the threshold requirements for injunctive relief. After accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in Delgado's favor, this Court finds an insufficient basis to grant injunctive relief against the Village. The Court therefore grants the Village's motion to dismiss Delgado's injunctive claims.

## III. CONCLUSION

The Court does not conclude whether the Village's alleged practices violated Delgado's constitutional or other rights. Delgado still has remedies available in his attempt to resolve this case. For the foregoing reasons, the Village's Motion to Dismiss Delgado's State Complaint and Count VIII of his Federal Complaint is granted.

IT IS SO ORDERED.

ENTER:

*[signature: Charles Norgle]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 5-6-11